UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
July 16, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____RR_____
DEPUTY

No. 5:24-cv-00294-OLG-HJB

*****************************************

Dr. JACK WILSON STAMPS, JR.,

   *Plaintiff,*

v.

UNIVERSITY OF TEXAS SYSTEM &
UNIVERSITY OF TEXAS AT SAN ANTONIO

   *Defendants.*

*****************************************

**PLAINTIFF DR. JACK W STAMPS' RESPONSE TO DEFENDANTS THE UNIVERSITY OF TEXAS SAN ANTONIO AND THE UNIVERSITY OF TEXAS SYSTEM'S 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Dr. Jack Wilson Stamps, Jr.
Plaintiff, *Pro se*
1229 Wiltshire Ave.
San Antonio, TX 78209
(210) 849-5347
jackwstamps@gmail.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES & RULES..........................................3

    FEDERAL CASES..................................................... 3

    RULES............................................................. 3

**PLAINTIFF DR. JACK W STAMPS' RESPONSE TO DEFENDANTS THE UNIVERSITY OF TEXAS SAN ANTONIO AND THE UNIVERSITY OF TEXAS SYSTEM'S 12(B)(6) MOTION TO DISMISS............................. 4**

    I. INTRODUCTION................................................... 4

    II. PRELIMINARY MATTERS........................................... 7

        A. Implications of Litigiousness..............................7

        B. In-Conference Settlement Offer Unheeded....................9

        C. Removal of Individuals from Lawsuit.......................10

    III. FED. R. CIV. P. RULE 12(B)(6) MOTION........................ 11

        A. Standards of Review.......................................11

        B. Title VII Claim..........................................12

        C. UT System is a Proper Party to This Suit..................15

    IV. CONCLUSION................................................... 17

    CERTIFICATE OF SERVICE........................................... 18

**TABLE OF AUTHORITIES & RULES**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .......................................... 10, 11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .......................................... 10, 11

*Century Sur. Co. v. Blevins*
   799 F.3d 366 (5th Cir. 2015) ..................................... 13

*Conley v. Gibson*
   355 U.S. 41 (1957) .............................................. 10

*Feist v. La. Dept. of Justice*
   730 F.3d 450 (5th Cir. 2013) .................................. 11, 12

*Garcia v. Professional Contract Services*
   938 F.3d 236 (5th Cir. 2019) ..................................... 11

*Mahone v. Addicks Utility Dist.*
   836 F.2d 921 (5th Cir. 1988) ..................................... 10

*Skinner v. Switzer*
   562 U.S. 521 (2011) ............................................. 11

*Thompson v. City of Waco*
   764 F.3d 500 (S" Cir. 2014) ..................................... 13

*Turner v. Pleasant,*
  633 F. 3d 770 (5th Cir. 2011) .................................... 10

*University of Texas Southwestern v. Nassar*
   570 us. 338 (2013) .............................................. 11

**RULES**

Fed. R. Civ. P. 12(b)(l)

Fed. R. Civ. P. 12(b)(6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

No. 5:24-cv-00294-OLG-HJB

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:**

**Dr. JACK WILSON STAMPS, JR.,**

   *Plaintiff,*

**v.**

**UNIVERSITY OF TEXAS SYSTEM &
UNIVERSITY OF TEXAS AT SAN ANTONIO**

   *Defendants.*

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:**

---

**<u>PLAINTIFF DR. JACK W STAMPS' RESPONSE TO DEFENDANTS THE UNIVERSITY OF TEXAS SAN ANTONIO AND THE UNIVERSITY OF TEXAS SYSTEM'S 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

---

COMES NOW Dr. Jack Stamps ("Stamps", "Dr. Stamps", "he"), *pro se* plaintiff in the above-captioned cause, to file his response to the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants and in support would show the following:

### I.   INTRODUCTION

This is a Title VII retaliation claim. Stamps alleges that the University of Texas at San Antonio ("UTSA"), a component institution

4

of the University of Texas System ("UT System"), and the UT System retaliated against him for filing a lawsuit against the University of Texas at Austin ("UT Austin"), a component institution of the UT System, for unlawfully terminating his teaching contract in retaliation for reporting sexual misconduct which constituted opposition under Title VII.

Employed by the UT System, Dr. Stamps, a former professor, UT Austin, served from 2015 to 2020 and was promoted to Associate Professor of Practice in March 2019. In April 2019, he reported sexualized comments, bullying, and coercion UT Austin and was abruptly terminated within two weeks of UT Austin fine arts administrators learning of the investigation and, two months after a promotion.

In December 2020, Dr. Stamps filed a lawsuit against UT Austin, alleging retaliatory termination for reporting sexual misconduct. The lawsuit was settled out of court in June 2023.

Moving back home to San Antonio in 2020 in order to continue teaching in academia and to be near his 14 year old son, Dr. Stamps applied for several full-time positions at UTSA, for which he was uniquely qualified but repeatedly overlooked.

Despite many years of experience and qualifications unique to the jobs for which he applied, he faced consistent rejection, leading him to the conclusion that there was continued retaliation across the UT System related to his previous lawsuit against UT

5

Austin.

In December 2021, he applied for a Digital Humanities position at UTSA, receiving initial enthusiasm from the dean of the UTSA College of Liberal and Fine Arts but was ultimately and abruptly ignored and rejected by the dean.

In October 2022, he applied for an Assistant Professor of Digital Music position ("DM Position"), which matched his qualifications perfectly. However, he did not advance past the first round, despite clear evidence of his unique suitability for the role.

UTSA faculty and administrators were aware of and expressed concerns about his lawsuit against UT Austin in written discussion even before the selection process for the DM Position and Dr. Stamps believes this adversely influenced UTSA hiring decisions regarding his candidacy. After being advised by the Chair of the UTSA Music School to seek help from the Equal Opportunity Services (EOS) office, he filed a complaint citing retaliation for the UT Austin lawsuit and hiring procedure violations.

Despite multiple applications, Dr. Stamps continued to face rejections, including for a non-tenure track Digital Audio position ("DA position") in May 2023. He attributes these rejections to retaliation across the UT System for his lawsuit against UT Austin and complaints to UTSA's EOS office.

And because the Motion to Dismiss mentions that Stamps worked

at UTSA, it is critical to add some context that the Defendants conveniently omit. Stamps was employed by UTSA briefly for one semester, teaching an off-campus, asynchronous, online course in music technology.

This is temporally crucial as it was right after Dr. Stamps' complaint to the UTSA EOS that UTSA removed him from his class, a class he was initially told by UTSA it would be a recurring course, and suddenly added it to the teaching load of the DA position, thus eliminating Dr. Stamps from the UTSA teaching roster completely and permanently.

Dr. Stamps' experiences highlight a broader issue within the UT System regarding the lack of oversight and unilateral actions by administrators in faculty hiring, leading to his significant professional and personal distress.

This ongoing retaliation has severely impacted his career and emotional well-being, especially given his deep ties to San Antonio and UTSA as an alumnus.

## II.  PRELIMINARY MATTERS

### A. Implications of Litigiousness

Defendants imply that Dr. Stamps is *litigious* right out of the gate, while avoiding any context or explanation that would weaken their position.

7

Dr. Jack W. Stamps has faced significant challenges and alleged retaliatory actions from the UT System and its component institutions.

Initially, Dr. Stamps filed a lawsuit against the UT Austin and the UT System, which was settled out of court as depositions of high-ranking university officials, including President Jay Hartzell, loomed.

Subsequently, Dr. Stamps filed a second lawsuit against UT Austin, alleging further retaliation in the form of non-hires due to his initial lawsuit. This lawsuit was dismissed **without prejudice** as it was deemed duplicative of the previous allegations. Though Stamps had argued that a second suit was justified given the differences between it and the previous suit, he humbly accepted the Court's rationale.

Stamps filed a lawsuit against UT Austin, the UT System, and university administrators (5:2023cv01520) alleging serious and concerning due process issues involved in a secretive university committee that investigates faculty without consent or knowledge along with defamatory statements made by university administrators used to vilify and further wreck his career at UT Austin.

The lawsuit was deemed appropriate by the San Antonio Division and found "...that Plaintiff's Amended Complaint asserts at least one non-frivolous claim." (*See* 5:2023cv01520, dkt. 9, pg. 23. §3). The characterization that Stamps may be "vexatious" is misplaced,

8

especially considering the Court's initial leniency toward Stamps being a *pro se* litigant.

It was dismissed without any evidence that the Court reviewed Stamps' Response to the Motion to Dismiss or considered crucial details and statutes he offered to counter Defendant's claims in the Motion. Dr. Stamps is currently appealing the ruling to the Fifth Circuit Court of Appeals (0:2024cr50405) where it has, as of this writing, been determined appropriate to proceed.

Dr. Stamps emphasizes that his legal actions are not unnecessarily litigious but are responses to credible lapses in ethics, law, and institutional policies that have caused significant harm to his professional, personal, and emotional well-being.

Stamps also notes that his experiences are not isolated, pointing to numerous similar retaliation lawsuits, both current and recent, within the UT System.

**B. In-Conference Settlement Offer Unheeded**

Though Dr. Stamps is aware that opposing counsel in a federal civil suit is not legally required to respond to early, earnest attempts to resolve this lawsuit, he understands that the Court appreciates early and innovative approaches to settlement.

As early as April 8, 2024, in conference, Stamps proposed a simple settlement offer. Sometime in late June, almost three months later, he brought the unheeded and unrecognized settlement offer

9

back up with opposing counsel, who told Stamps that Defendants are uninterested in discussing a settlement.

As such, Dr. Stamps is concerned that he may be treated differently by Defendants because he is a *pro se* litigant.

### C. Removal of Individuals from Lawsuit

Despite the removal of the individual administrators at UTSA in Stamps' Amended Complaint, Defendants continue to add them in filings after the filing of the Amended Complaint.

Whether a technical error with formatting or not, and given the opening tone and inferences in the Motion to Dismiss, Dr. Stamps wants the Court to understand he removed the individuals because he was satisfied with the legal rationale provided by the Defendants' Pre-Motion to Dismiss conference with opposing counsel.

In fact, Stamps was relieved to remove the individuals as one of them was a colleague and former professor. He was ill-informed about naming individuals in such a lawsuit and has conveyed to Defendants on multiple occasions his regrets.

All of this to say that Stamps is a reasonable man who is not at all vindictive. He does, however, believe that but for his lawsuit against UT Austin, he would be successfully employed at UTSA right now.

**III. FED. R. CIV. P. RULE 12(B)(6) MOTION**

**A. Standards of Review**

What the Supreme Court and Fifth Circuit have called "notice" pleading - Conley v. Gibson, 355 U.S. 41, 47 (1957), and Mahone v. Addicks Util. Dist., 836 F.2d 921, 926 (5th Cir. 1988), was adopted more than eighty two years ago. The relevant rule, FED. R. CIV. P. (8)(2), favors simplicity, for it requires only that Stamps give a "short and plain statement of the claim[.]"

Stamps' relatively light burden at this threshold stage is no accident. To the contrary, Stamps' relatively light burden is consistent with "a basic objective" of the Federal Rules of Civil Procedure, which seek to "avoid civil cases turning on technicalities." Johnson v. City of Shelby, 135 S. Ct. 346, 347 (2014) (per curiam). (emphasis added).

The Supreme Court decided Johnson in 2014. Thus, Johnson follows in time both Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

As one commentator stated, "The premise underlying the federal rules is that pleading can be general because discovery supplies the details." DAVID CRUMP ET AL., CASES AND MATERIALS ON CIVIL PROCEDURE §5.03, at 307 (1987).

Defendants, in turn, carry a heavy burden. "[A] motion to dismiss under FED. R. Civ. P. 12(b)(6) is viewed with disfavor and

11

is rarely granted. Turner v. Pleasant, 663 F. 3d. 770, 775 (5th Cir. 2011) (citing case, reversing district court's dismissal).

As a result of this judicial hesitancy, even resentment, the question the Court must decide at this early stage is "not whether [Stamps] will ultimately prevail," but whether his Complaint is "sufficient to cross the federal court's threshold." Skinner v. Switzer, 562 U.S. 521, 530 (2011).[1]

Consider then and compare *Twombly, 550 U.S. at 556* ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.*"(citation omitted);* and *Iqbal, 556 U.S. at 681* ("To be clear, we do not reject the bald allegations on the ground that they are unrealistic or nonsensical. We do not so characterize them any more than the Court in Twombly rejected the plaintiffs' ... allegation ... because it thought that claim too chimerical to be maintained." *(citation omitted.)*

**B. Title VII Claim**

The Fifth Circuit, *Garcia v. Professional Contract Services, 938 F.3rd 236 (5th Cir. 2019)* has recently made clear that Title VII retaliation claims are proven according to traditional principles of but-for causation. *570 U.S. 338 (5th Cir. 2013).*

---

[1] The Supreme Court decided Skinner in 2011. Thus, Skinner follows in time both Bell At/anti Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft. Iqbal, 556 U.S. 556 U.S. 662 (2009).

The Court referenced *University of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338, 133 (2013),* to assert that Title VII retaliation claims must be proven based on traditional principles of but-for causation. In *Feist v. Louisiana, Department of Justice, Office of the Attorney General*, the Court clarified that the causation requirement can be met by demonstrating "close timing between an employee's protected activity and an adverse action against him." *730 F.3d 450, 454 (5th Cir. 2013).*

The timeline of the Stamps' report of his UT Austin lawsuit and its underlying claims to UTSA administration, the documented discussion of the lawsuit among professors and members of search committees that snubbed me, and of my complaints to the UTSA EOS office, all relative to the inexplicable non-hires of Stamps for the positions he was acutely qualified for, speaks volumes and more importantly, sufficiently meets the proof requirements of *Feist*.

One would assume, given Defendants' contention that Dr. Stamps' non-hires at UTSA had nothing to do with a lawsuit he filed at a sister-institution within the UT System, that Defendants would offer a clear reason in its Motion to Dismiss as to why Stamps was not hired for each potion he claims he was wrongly snubbed for. Glaringly, Defendants fail to offer any explanation in the Motion to Dismiss for why Dr. Stamps was not hired for the positions for which he was uniquely qualified.

Additionally, Defendants sprinkle the Motion to Dismiss with

words like "opinion" as unsteady scaffolding for the claim that "Stamps plead no facts to support his speculation that UTSA's decision not to hire him for Position 2 and 3 was due to retaliation for his lawsuit against UT Austin and UTSA EOS complaint" (dkt 8, page 5.).

However, the Court must "accept all well-pleaded facts as true [,"] and they must also "view all facts in the light most favorable to the plaintiff[.]" *Thompson v. City of Waco, 764 F.3d 500, 502* (5th Cir. 2014). Courts are not allowed to dismiss a claim under FED. R. CIV. P. (12)(b)(6) unless they first conclude "beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Century Sur. Co. v. Blevins, 799 F.3d 366, 371 (5th Cir. 2015).

The Court must take the facts pleaded by Dr. Stamps as true in determining whether a Motion to Dismiss is appropriate. Stamps has pleaded adequate facts (and has pleaded them adequately enough) to support his Title VII claims against Defendants.

Finally, it is more than clear that Dr. Stamps has alleged that the UT System has also retaliated against him, despite Defendants' suggestion to the contrary. In his Amended Complaint, he incorporates both Defendants in the plural:

> "Defendants had actual knowledge of the federal laws that prohibit retaliation for reporting sexual misconduct and for filing a lawsuit that alleges unlawful retaliation for the reporting of sexual misconduct.
> Defendants were aware of my lawsuit against UT Austin for unlawful retaliation for reporting sexual misconduct. But for

14

>  my protected activities in this Complaint, I would be happily and appropriately employed at UTSA.
> As a result of Defendant's actions, I have suffered economic, emotional, and professional harm for which I seek compensation as well as all legal and equitable remedies available to me under the provisions of Title VII." (page 11, §53-56).

**C. UT System is a Proper Party to This Suit**

In addition to the fact evidence that Dr. Stamps has produced to support his claim that the UT System is a proper party to this lawsuit, he will add:

Defendants' arguments that the UT System is not a proper party to this lawsuit, perhaps not surprisingly, cuts both ways: "UTSA is an agency organized under The University of Texas System. See Tex. Educ. Code § 65.02(a)(6)." (Dkt 8. Page 6. ¶3.)

Does it not stand to reason that an "agency" organized under a larger umbrella entity signals, as Stamps has tirelessly argued, that the larger umbrella entity (The UT System) is responsible for all the policies, including hiring and firing procedures, at its subsidiary "agencies"? The UT System is, in fact, responsible for all policies and procedures at its institutions.

In the Motion to Dismiss, Defendants offer *Univ. of Tex. Sys. Operating as Univ. of Tex. El Paso v. Palomino, 498 S.W.3d 711, 713 (Tex. App.—El Paso 2016, pet. denied)* to persuade Stamps and the Court that the UT System "is a separate legal entity for the purposes of this suit" (Ibid.).

However, the cited suit is a state appeal and not a federal

15

lawsuit dealing with a federal question. Dr. Stamps understands, as a *pro se* litigant, that when looking at legally mandatory and persuasive authorities, that because his lawsuit deals with a federal Title VII question, the cited Texas state petition denial is not relevant here.

On top of that, Defendants make no attempt to detail what the "purposes of the suit" may have been in the cited case or how those purposes relate to this lawsuit. On the contrary, because, according to its own words describing itself at its website as "one of the largest employers in Texas, with more than 122,000 faculty, health care professionals, researchers, support staff and student workers"[2], the UT System is very much a relevant party to this lawsuit.

Finally, there is a live case precedent in the Western District of Texas San Antonio Division for the inclusion of the UT System in a lawsuit involving employment matters at UTSA. In *Bruce Smith v. University of Texas at San Antonio et al (5:23-cv-00538-OLG-ESC)*, which has been docketed since April 26, 2023, the UT System as a Defendant.

There has been no objection by the Defense in that case. In fact, the most recent docketed document in *Bruce Smith v. University of Texas at San Antonio et al* is a response by none other than the UT System Board of Regents. According to Defendants' Motion to

---

[2] https://www.utsystem.edu/about (¶4)

Dismiss this lawsuit, "[t]he University of Texas System [and] is under the management and control of the board of regents." (dkt 8. Page 6.)

### IV. CONCLUSION

The allegations contained in Dr. Stamps' pleading cross the required legal threshold and are sufficient to show that his claims have "substantive plausibility" *Johnson v. City a/Shelby, 135 S. Ct. 346, 347 (2014)*. The Motion to dismiss the Title VII claim should be **DENIED**.

Facts, common sense, the UT System's own description of itself, and precedent provide more than enough reason for this Court to **DENY** Defendants' Motion that the UT System is not a party to this lawsuit.

Dated: July 16, 2024

Respectfully Submitted,

**Dr. Jack Wilson Stamps, Jr.**
**1229 Wiltshire Ave.**
**San Antonio, TX 78209**
**(210) 849-5347**
**jackwstamps@gmail.com**
**Plaintiff,** *Pro se*

17

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2024 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to the following CM/ECF participants:

ANTHONY DOLCEFINO
Attorney-in-charge
Texas Bar No. 24134406
Office of the Attorney General
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Anthony.Dolcefino@oag.texas.gov

**Dr. Jack Wilson Stamps, Jr.**
**1229 Wiltshire Ave.**
**San Antonio, TX 78209**
**(210) 849-5347**
**jackwstamps@gmail.com**
**Plaintiff,** *Pro se*

**18**